PER CURIAM.
In order to implement the requirements of 42 U.S.C. § 653 (“Federal Parent Locator Service”), and pursuant to this Court’s request, the Family Court Steering Committee has submitted proposed rule amendments relating to the override of a family violence indicator. We have jurisdiction. See art. V, § 2(a), Fla. Const. The Court published the proposed amendments for comment in the January 1, 2000, issue of The Florida Bar News. No comments were received.
We have reviewed the proposed amendments and approve them as submitted and set forth in the appendix to this opinion. New language is indicated by underscoring. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective upon the release of this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
APPENDIX
Rule 12.650. Override of Family Violence Indicator
(a) Application. This rule shall apply only to proceedings instituted pursuant to 42 U.S.C. § 653, which authorizes a state court to override a family violence indicator and release information from the Federal Parent Locator Service notwithstanding.the family violence indicator.
(b) Definitions.
(1) “Authorized person” means a person as defined in 42 U.S.C. § 653(c) and § 663(d)(2). It includes any agent or attorney of the Title IV-D agency of this .or any other state, the court that has authority to issue an order or to serve as the initiating court in an action to seek an order against a noncustodial parent for the support and maintenance of a child, or any agent of such court, the resident parent, legal guardian, - attorney, or agent of a child (other than a child receiving assistance under 42 U.S.C. § 601 et seq.), and any state agency that administers a child *1000 welfare, family preservation, or foster care program. It also includes any agent or attorney of this or any other state who has the duty or authority under the law of such state to enforce a child custody or visitation determination; the court that has jurisdiction to make or enforce such a child custody or visitation determination, or any agent of such court; and any agent or attorney of the United States, or of a state, who has the duty or authority to investigate, enforce, or bring a prosecution with respect to the unlawful taking or restraint of a child.
(2) “Authorized purpose” means a purpose as defined in 42. U.S.C. § 653(a)(2) and § 663(b). It includes establishing parentage, establishing, setting the amount of, modifying, or enforcing child support obligations, or making or enforcing child custody or visitation orders. It also includes enforcing any state or federal law with respect to the unlawful taking or restraint of a child.
(3) “Department” means the Florida Department of Revenue as the state’s Title IV-D agency.
(4) “Family violence indicator” means a notation in the Federal Parent Locator Service that has been placed on a record when a state has reasonable evidence of domestic violence or child abuse as defined by that state.
(5) “Federal Parent Locator Service” means the information service established by 42 U.S.C. § 653.
(6) “Petitioner” means an authorized person or an individual on whose behalf an authorized person has requested a Federal Parent Locator Service search and who has been notified that the information from the Federal Parent Locator Service cannot be released because of a family violence indicator.
(7) “Respondent” means the individual whose record at the Federal Parent Locator Service includes a family violence indicator and ordinarily does not want his or her location information disclosed. The department, the Florida Department of Law Enforcement, or the state entity that placed the family violence indicator on the record may be required to respond to an order to show cause; however, they are not considered respondents in these proceedings.
(c) Initiating proceedings. When an authorized person has attempted to obtain information from the Federal Parent Locator Service and has been notified by the Federal Parent Locator Service that it has location information but cannot disclose the information because a family violence indicator has been placed on the record, a petitioner may institute an action to override the family violence indicator. An action is instituted by filing a sworn complaint in the circuit court. The complaint must:
(1) allege that the petitioner is an authorized person or an authorized person has requested information on his or her behalf from the Federal Parent Locator Service and must include the factual basis for the allegation;
(2) allege that the petitioner is requesting the information for an authorized purpose and state the purpose for which the information is sought;
(3) include the social security number, sex, race, current address, and date of birth of the petitioner and any alias or prior name used by the petitioner;
(4) include the social security number and date of birth of the respondent and any children in common between the petitioner and the respondent, if known;
(5) disclose any prior litigation between the petitioner and the respondent, if known;
(6) disclose whether the petitioner has been arrested for any felony or misdemeanor in this or any other state and the disposition of the arrest; and
(7) include notice from the Federal Parent Locator Service that location information on the respondent cannot be re *1001 leased because of a family violence indicator-
id) Initial court review. When a complaint is filed, the court shall review the complaint ex parte for legal sufficiency to determine that it is from an authorized person or an individual on whose behalf an authorized person requested information from the Federal Parent Locator Service, is for an authorized purpose, and includes the information required in subdivision (c). If the complaint is legally sufficient, the court shall order the department to request the information from the Federal Parent Locator Service and order the department to keep any information received from the Federal Parent Locator Service in its original sealed envelope and provide it to the court within 45 days in the manner described in subdivision (el-
le) Receipt of information. When sealed information from the Federal Parent Locator Service is obtained, the department shall file the information with the court. The information from the Federal Parent Locator Service shall remain in its original sealed envelope and the outside of the envelope shall be clearly labeled with the case number and the words “sealed information from Federal Parent Locator Service.” The clerk of the court shall ensure that the sealed information from the Federal Parent Locator Service is not disclosed to any person other than those specifically authorized by the court. Court files in these proceedings shall be separately secured in the Clerk’s office in accordance with the requirements of subdivision (i).
(f) Review of information by the court. The court shall conduct an in-camera examination of the contents of the sealed envelope from the Federal Parent Locator Service.
(1)If the information from the sealed envelope does not include an address for the respondent or an address for the respondent’s employer, the petitioner and the department will be notified that no information is available and no further action will be taken. The name of the state that placed the family violence indicator on the record will not be released.
(2) If the information from the sealed envelope includes an address for the respondent or the respondent’s employer, the court shall issue an order to show cause to the respondent, the department, the Florida Department of Law Enforcement (FDLE) and the state entity that placed the family violence indicator on the record. The order to show cause shall
(A) give the respondent at least 45 days to show cause why the location information should not be released to the petitioner;
(B) clearly state that the failure to respond may result in disclosure of the respondent’s location information;
(C) direct the parties to file with the court all documentary evidence which supports their respective positions, including any prior court orders;
(D) direct the department to search its child support enforcement statewide automated system and case file for the presence of a Florida family violence indicator, for any other information in that system or file that is relevant to the issue of whether release of the respondent’s location information to the petitioner could be harmful to the respondent or the child, and whether an application for good cause under section 414.32, Florida Statutes, is pending or has been granted and if so, file documentation with the court within 30 days;
(E) unless the FDLE is the petitioner, direct the FDLE to conduct a search of its Florida criminal history records on the petitioner, including information from the Domestic and Repeat Violence Injunction Statewide Verification system, and file it with the court within 30 days; and
(F) set a hearing date within 60 days.
(3) The order to show cause shall be served as follows:
(A) By regular mail and by certified mail, return receipt requested, to the re *1002 spondent. If a receipt is not returned or a responsive pleading is not filed, the court may extend the time for response and provide for personal service on the respondent. The petitioner also may request that the respondent be initially served by personal service, and if so, the petitioner shall pay into the registry of the court the cost of effecting personal service.
(B) By certified mail, return receipt requested, to the department, the FDLE, and the state entity that placed the family violence indicator on the record.
(C) A copy of the order to show cause shall be provided to the petitioner. However, the copy shall not include any information that may identify the respondent’s location, including but not limited to the name or address of the state entity that placed the family violence indicator on the record.
(g) Providing information to court.
(1) Information from Department. The department shall submit the information it obtains in response to the order to show cause by filing the information with the court in a sealed envelope. The outside of the envelope shall be clearly labeled with the case number and the words “sealed information from the Department of Revenue.” Any information that may reveal the location of the respondent should be distinctly noted so that this information is not inadvertently disclosed.
(2) Information from FDLE. When it has searched its records in response to the order to show cause, the FDLE shall file a report with the court. The report shall include the case number and results of the search of its records.
(h) Hearing on Order to Show Cause.
(1) At the hearing on the order to show cause, the court shall determine whether release of the respondent’s location information to the petitioner could be harmful to the parent or the child. The petitioner has the burden of proof to show that release of information to the petitioner would not be harmful to the parent or the child.
(A) If the court finds that release of the location information could be harmful, the information shall not be released and the petition shall be denied.
(B) If the court finds that release of the location information would not be harmful, the court shall disclose the location information to the petitioner. The disclosure of the location information shall be made only to the petitioner, and the court shall require that the petitioner not disclose the information to other persons. The disclosure of location information to the petitioner in these proceedings does not entitle the petitioner to future disclosure of the respondent’s location information.
(C) The court may deny the request for location information if the respondent agrees to designate a third party for service of process for proceedings between the parties.
(2) Notwithstanding the provisions of Florida Rule of Judicial Administration 2,071, the court may conduct a hearing on the order to show cause by means of communications equipment without consent of the parties and without a limitation on the time of the hearing. The communications equipment shall be configured to ensure that the location of the respondent is not disclosed.
(i) Confidentiality. The clerk of the court shall ensure that all court records in these proceedings are protected according to the requirements of this rule. Court records in these proceedings shall be segregated and secured so that information is not disclosed inadvertently from the court file. All court records in these proceedings are confidential and are not available for public inspection until the court issues a final .judgment in the case. After the court issues a final judgment in the case, the location information from the Federal Parent Locator Service and any other information that may lead to disclosure of the respondent’s location, including but not limited to the respondent’s address, employment information, the name or address *1003 of the state that placed the family violence indicator on the record, and the telephone number of the respondent, shall remain confidential and not available for public inspection unless otherwise ordered by the court. After the court issues a final .judgment in the case, the court shall release nonconfidential information upon motion.
Commentary
This rule implements the requirements of 42 U.S.C. § 653, providing for a state court to override a family violence indicator on a record at the Federal Parent Locator Service. It does not apply to any other proceeding involving family violence or any other court records. The limitations on access to the Federal Parent Locator Service and this override process are governed by federal law.
Proceedings under this rule would arise when an authorized person has attempted to obtain information from the Federal Parent Locator Service but has been notified that the information cannot be released because of a family violence indicator. For example, a petitioner may be a noncustodial parent who has attempted to serve the custodial parent in an action to enforce visitation but was unable to effect service of process on the custodial parent. The court may have authorized access to the Federal Parent Locator Service in order to locate the custodial parent for purposes of service of process. If the report from the Federal Parent Locator Service indicates that the information cannot be released because of a family violence indicator, the noncustodial parent would be authorized to petition the court pursuant to this rule to override the family violence indicator.
The purpose of these proceedings is to determine whether to release location information from the Federal Parent Locator Service notwithstanding the family violence indicator. The court must determine whether release of the location information to the petitioner would be harmful to the respondent. If the court determines that release of the location information would not be harmful, the information may be released to the petitioner. If the respondent agrees to designate a third party for service of process, the court may deny the request for location information. In these circumstances, the designation of a third party for service of process is procedural only and does not provide a separate basis for jurisdiction over the respondent.
The court must use care to ensure that information from the Federal Parent Locator Service or other location information in the court record is not inadvertently released to the petitioner, thus defeating any interest of the respondent in maintaining nondisclosure.
The name of the state that placed the family violence indicator on the record may assist the petitioner in obtaining access to the respondent. If the name of the state that placed the family violence indicator on the record is supplied from the Federal Parent Locator Service, but an address for the respondent is not provided, the court should not release the name of the state to the petitioner. Disclosure of this information could assist the petitioner in locating the respondent, may place the respondent in danger, and does not give the respondent an opportunity to be heard by the court prior to release of the information.
Because the interest of the respondent is to keep location information from the petitioner, having both the petitioner and respondent appear at a hearing at the same time may also result in the petitioner obtaining location information about the respondent. If a hearing must be held where both the petitioner and respondent are present, the court should use whatever security measures are available to prevent inadvertent disclosure of the respondent’s location information.
Each state establishes its own criteria, consistent with federal law, for placing a family violence indicator on a record. Some states require a .judicial determination of domestic violence or child abuse before a family violence indicator is placed *1004 on a record. The criteria for a family violence indicator in Florida are in section 61.1825, Florida Statutes.
The records in these proceedings are confidential under 42 U.S.C. §§ 653 and 654. Florida Rule of Judicial Administration 2.051 also exempts from public disclosure any records made confidential by federal law.
Rule 2.071. Use of Communication Equipment
[Subdivisions (a) through (e) remain unchanged]
(f) Petition To Override Family Violence Indicator. Communications equipment may be used for a hearing on a petition to override a family violence indicator under Florida Family Law Rule of Procedure 12.650.